**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

CARL CAREY,

                       Petitioner,

      - v -                                  Civ. No. 9:13-CV-354
                                                  (FJS/RFT)

SUPERINTENDENT,

                       Respondent.

**APPEARANCES:**                        **OF COUNSEL:**

CARL CAREY
*Pro se* Petitioner
09-B-1776
Elmira Correctional Facility
Box 500
1879 Davis Street
Elmira, NY 14902-0500

HON. ERIC T. SCHNEIDERMAN       PRISCILLA I. STEWARD, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

**RANDOLPH F. TREECE
United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     Petitioner Carl Carey was convicted, on June 9, 2009, in New York State Onondaga County Court, following a jury trial, of one count of Course of Sexual Conduct Against a Child in the First Degree, two counts of Rape in the Third Degree,

and one count of Endangering the Welfare of a Child. Dkt. No. 1, Pet., at ¶¶ 1-4. He was issued a determinate sentence of twenty years in prison, plus five years of post-release supervision. Dkt. 20-11, Sentence Tr., dated June 9, 2009, at p. 12. Petitioner is presently incarcerated at Elmira Correctional Facility. *See* Pet.

Petitioner seeks a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, on the grounds that he is 1) actually innocent; 2) his conviction violates the Constitution's prohibition against *ex post facto* prosecutions; and 3) that the six-year delay in bringing the charges against him violated his due process rights. Pet. at ¶ 22.

## I. BACKGROUND

### A. Petitioner's Crime

On or around April 23, 2008, Petitioner was charged with various criminal counts for sexually assaulting his stepdaughter, for a ten-year period, beginning in 1997, when she was seven years old. Dkt. No. 20, Ex. A2,[1] Grand Jury Indictment, filed Apr. 23, 2008. The victim, at the age of seventeen, reported the abuse on July 16, 2007. Dkt. No. 20-4, Ex. E. at p. 43, Victim's Statement, July 16, 2007.

Petitioner proceeded to trial on October 27, 2008, but a mistrial was declared on Nov. 3, 2008, as the jury was unable to reach a unanimous verdict. Dkt. No. 20, Ex. A, Christine M. Cook, Esq., Affirm. in Supp. of Mot. to Vacate J., dated Aug. 23,

---

[1] Because his docket entry contains two exhibits entitled "A," the Court will refer to the second Exhibit A as Exhibit A2.

2010, at ¶¶ 4-5.

On May 11, 2009, Petitioner underwent a second jury trial on the same charges. *Id.* at ¶ 31. The victim testified against Petitioner and the prosecution produced several witnesses to support the victim's testimony, including witness Heather Douglass.

Witness Douglass testified that she was employed by the Onondaga County Child Protective Services, and worked with a specialized unit that investigates allegations of sexual abuse. Dkt. No. 20-11, Trial Tr., dated May 11, 2009, at pp. 311-12. On July 16, 2007, Douglass was assigned to investigate the victim's allegation of sexual abuse. *Id.* at p. 312. Douglas contacted the Syracuse Police Department's Abused Person Unit and a detective was also assigned to the case. *Id.* at p. 313.

As part of her investigation, Douglass and the detective went to the victim's residence where she lived with her family and stepfather. *Id.* Douglas separated the victim from the household and testified that the victim was scared, shaking, and willing to leave with her and the detective. *Id.* at p. 314.

The following day, July 17, 2007, Witness Douglass had an in-person conversation with the Petitioner and asked him about the allegations of sexual abuse. In response, according to Douglass's testimony, the Petitioner stated that he had a crack and alcohol problem, and confirmed that the victim sleeps in his bed, but claimed

that "she had been coming into his room and getting on top of him and that she had been doing weird things for years." *Id.* at pp. 318-19. The Petitioner did not produce any witnesses at trial. Dkt. No. 20, Ex. B, List of Witnesses. Petitioner was found guilty.

### B. Collateral Review

On August 23, 2010, Petitioner's attorney filed a motion in Onondaga County Court, pursuant to N.Y. CRIM. PROC. LAW § 440.10, seeking to vacate his judgment on the grounds that 1) the trial court erred in declaring a mistrial at his first trial; 2) the second trial violated his double jeopardy rights; and 3) his trial counsel was ineffective for failing to object to the mistrial. *See generally* Dkt. No. 20, Ex. A, Cook Affirm. in Supp. of Mot. to Vacate J.

The trial court denied Petitioner's § 440.10 motion because sufficient facts were in the record with respect to the issues raised to permit appellate review, and the issues raised were without merit. Dkt. No. 20-3, Ex. D, Dec., dated Nov. 4, 2010, at p. 3.

### C. Direct Appeal

On or around August 2, 2011, Petitioner filed a direct appeal to vacate his judgment of conviction on the grounds that 1) his conviction of Course of Sexual Conduct Against a Child in the First Degree violates the Constitution's prohibition against *ex post facto* prosecutions; 2) his conviction of this count violates his due

process rights because he was accused of acts spanning nearly six years without specifying when the discrete sexual acts occurred; 3) the trial judge improperly allowed the prosecutor to introduce evidence of Petitioner's consensual sexual relationship with the victim after she had reached the age of seventeen, which violated his right to a fair trial; and 4) the sentence imposed was harsh and excessive. *See generally* Dkt. No. 1-1, Pet'r's App. Div. Br., dated Aug. 2, 2011.

On February 10, 2010, the Appellate Division, Fourth Judicial Department, unanimously affirmed Petitioner's conviction. *People v. Carey*, 92 A.D.3d 1224 (4th Dep't 2012). With respect to Petitioner's *ex post facto* argument, the court held that petitioner failed to preserve this issue for review and declined to address this contention "as a matter of discretion in the interest of justice." *Id.* at 1225.

On April 5, 2012, the New York Court of Appeals denied leave to appeal. *People v. Carey*, 18 N.Y.3d 992 (2012).

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court may not grant habeas relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). The AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001) (quoting § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

## B. Exhaustion

Prior to seeking federal *habeas* relief, a petitioner must exhaust available state remedies, or demonstrate that there is either an absence of available state remedies or that such remedies cannot adequately protect petitioner's rights.[2] *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(b)(1)); *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994). This exhaustion requirement recognizes "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 191 (2d Cir. 1982). Though both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must initially be given the opportunity to consider and correct any violations of federal law. *Id*. "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that

---

[2] 28 U.S.C. § 2254(b) and (c) provide, in part, as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

asserted in state court." *Glover v. Bennett*, 1998 WL 278272, at *1 (N.D.N.Y. May 21, 1998) (quoting *Daye v. Attorney Gen. of New York*, 696 F.2d at 192).[3]

This exhaustion requirement is satisfied if the federal claim has been "fairly presented" to the state courts. *See Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). A claim has been "fairly presented" if the state courts are apprised of "both the factual and the legal premises of the claim [the petitioner] asserts in federal court." *Daye v. Attorney Gen. of New York*, 696 F.2d at 191; *Morales v. Miller*, 41 F. Supp. 2d 364, 374 (E.D.N.Y. 1999). "Although the petitioner need not have cited 'book and verse on the federal constitution,' he must have articulated 'the substantial equivalent' of the federal habeas claim." *Colon v. Artuz*, 174 F. Supp. 2d 108, 114 (S.D.N.Y. 2001) (quoting *Picard v. Connor*, 404 U.S. at 278); *see also Daye v. Attorney Gen. of New York*, 696 F.2d at 194. Thus, "the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature." *Daye v. Attorney Gen. of New York*, 696 F.2d at 192; *Morales v. Miller*, 41 F. Supp. 2d at 374.

### *1. Unexhausted Claims*

Here, Petitioner raises for the first time that he is actually innocent and that the

---

[3] Since the AEDPA's restriction on federal habeas power was premised upon the duty of state courts to uphold the Constitution and faithfully apply federal laws, the AEDPA's review standards apply only to federal claims which have been actually adjudicated on the merits in the state court. *Washington v. Shriver*, 255 F.3d 45, 62 (2d Cir. 2001).

six-year delay in bringing charges against him violated his due process rights.

### *i. Actual Innocence*

Petitioner's actual innocence claim is unexhausted as he did not raise it in the state courts. More significantly, a claim of innocence is "not itself a constitutional claim," thus, it is incognizable as an independent claim on federal habeas. *Schlup v. Delo*, 513 U.S. 298, 315 (1995); *Herrera v. Collins*, 506 U.S. 390, 400-01 (1993) ("Claims of actual innocence [. . .] have never been held to state a ground for federal habeas relief[.]").

### *ii. Due Process violation*

Petitioner's contention that a six-year delay in charging him for his crimes is also unexhausted because he failed to present this argument to the state courts. When a claim has never been present to a state court, a habeas court may determine that there is an "absence of available state corrective process" under § 2254(b)(1)(B)(I), "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." *Aparicio v. Artuz*, 269 F.3d at 90. Under these circumstances, the claim is deemed exhausted. This is a "cold comfort to most petitioners because it has been held that when 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims

procedurally barred,' federal habeas courts also must deem the claim procedurally defaulted." *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Under New York State procedural law, a party may not raise a claim in an Article 440 motion when such party unjustifiably failed to raise the issue on direct appeal. *Id.* at 91 (citing N.Y. CRIM. PROC. LAW § 440.10(2)(c)); *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994). Petitioner's contention that a six-year delay in bringing charges against him violated his due process rights could have been raised in his appeal to the Appellate Division since they are based upon matters which were placed on the record. Moreover, Petitioner cannot now file a second appeal with the Fourth Department as to this claim because a criminal defendant is "entitled to one (and only one) appeal" to the Appellate Division. *Id.* Therefore, these claims are deemed exhausted for purposes of his *habeas* application. *Spence v. Superintendent Great Meadow Corr. Facility*, 219 F.3d 162, 170 (2d Cir. 2000); *Strogov v. Attorney Gen. of State of New York*, 191 F.3d 188, 193 (2d Cir. 1999) (failure to raise claim based upon matters contained within record on direct review to Appellate Division constitutes procedural default of such claim); *Senor v. Greiner,* 2002 WL 31102612, at *10 (E.D.N.Y. Sept. 18, 2002).

The Court's review of the substance of Petitioner's procedurally defaulted claim is therefore conditioned upon Petitioner demonstrating cause for his default and

resulting prejudice, or presenting evidence to show that he is "actually innocent" of the crime of which he was found guilty.[4] *Coleman v. Thompson*, 501 U.S. at 748; *Ramirez v. Attorney Gen. of State of New York*, 280 F.3d 87, 94 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir. 2000) (citing *Coleman*); *King v. Greiner*, 210 F. Supp. 2d 177, 182 (E.D.N.Y. 2002) (stating the court is precluded from considering unexhausted claims "unless petitioner can establish cause to excuse the default and prejudice, or actual innocence").

To establish legal cause for his or her procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with New York's procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999). Examples of external factors include interference by officials, ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial nor on direct appeal. *Murray v. Carrier*, 477 U.S. at 488. Attorney ignorance or inadvertence is not cause, however, since the attorney is considered the petitioner's agent when acting, or failing to act, in furtherance of the litigation, the petitioner must "bear the risk of attorney error." *Coleman v. Thompson*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. at 488).

---

[4] This final exception, however, is intended for the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see also Lebron v. Mann*, 40 F.3d 561, 564 (2d Cir. 1994).

Here, Petitioner has not stated a reason for his procedural default. Since he has not establish cause for his procedural default, this Court need not decide whether he also suffered actual prejudice as to this claim because federal habeas relief on the basis of a procedurally defaulted claim is unavailable unless both cause and prejudice are demonstrated. *See, e.g.*, *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Pou v. Keane*, 977 F. Supp. 577, 581 (N.D.N.Y. 1997) (Kahn, J.) (citing *Stepney*). Moreover, since Petitioner has not established that he is actually innocent of any of the crimes of which he was convicted, the Court recommends that the Petition be denied with respect to Petitioner's due process ground for this procedural reason.

### 2. Exhausted Claim

#### i. Independent

Petitioner's *ex post facto* issue is exhausted as he raised it on direct appeal and sought leave to appeal to the New York Court of Appeal. However, this Court is procedurally barred from reviewing this issue on the merits as it rests on an independent and adequate state ground. The Fourth Department concluded that Petitioner failed to preserve his *ex post facto* argument at the trial level.[5] Thus, the Appellate Division's invocation of the procedural bar constitutes an "independent"

---

[5] The Department also declined to exercise their power to address this issue as a matter of discretion in the interest of justice. *People v. Carey*, 92 A.D.3d 1224, 1225 (4th Dep't 2012).

state ground. *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999) (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989)).

### ii. Adequate

Additionally, a procedural bar will be deemed "adequate" if it is based on a rule that is "firmly established and regularly followed" by the state in question. *Garcia v. Lewis*, 188 F.3d at 77 (citing *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)). This Circuit has noted a long line of New York cases where the Appellate Division refused to review the merits of a criminal defendant's claim of constitutional error for his or her failure to comply with the contemporaneous objection rule.[6] *Garcia v. Lewis*, 188 F.3d at 78-79 (collecting cases). As a result, New York's contemporaneous objection rule has been applied evenhandedly and thus cannot be said to be inadequate. *Id.* Thus, this claim is procedurally barred on independent and adequate state law grounds.

Where a state prisoner is procedurally barred due to an independent and adequate state procedural rule, federal habeas is also barred unless Petitioner can demonstrate cause for the default and actual prejudice, or demonstrate that he is actually innocent. *Coleman v. Thompson*, 501 U.S. at 750.

Here, Petitioner fails to explain why his *ex post facto* argument was not raised

---

[6] The New York Court has explained, "a question of law will be considered preserved for appellate review when it is interjected at the fact-finding level in such a manner and at such a time as to fairly apprise the court and the opposing party of the nature and scope of the matter contested." *Garcia v. Lewis*, 188 F.3d 71,78 (2d Cir. 1999) (quoting *People v. Jones,* 81 A.D.2d 22, 41–42, (2d Dep't 1981)).

at the trial level. In addition, Plaintiff summarily concludes that he is innocent, but fails to introduce new evidence and fails to explain why this Court should undermine the trial's result. As a result, this Court is precluded from reviewing the merits of this claim. *Harris v. Reed*, 489 U.S. at 262.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED in its entirety**; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should issue with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed

with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: July 15, 2015
Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge