UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARL CAREY,

                              Petitioner,

                 v.                                  9:13-CV-354
                                                                      (FJS/RFT)

SUPERINTENDENT,

                              Respondent.
_____

**APPEARANCES**                                     **OF COUNSEL**

**CARL CAREY**
**09-B-1776**
Elmira Correctional Facility
1879 Davis Street
Box 500
Elmira, New York 14902-0500
Petitioner *pro se*

**OFFICE OF THE NEW YORK**            **PRISCILLA I. STEWARD, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**SCULLIN, Senior Judge**

### ORDER

      Petitioner seeks a write of habeas corpus, pursuant to 28 U.S.C. § 2254, on the following grounds: (1) he is actually innocent; (2) his conviction violates the Constitution's prohibition against *ex post facto* prosecutions; and (3) the six-year delay in bringing the charges against him violated his due process rights.

      In a Report-Recommendation and Order dated July 15, 2015, Magistrate Judge Treece

recommended that this Court deny the petition in its entirety and not issue a certificate of appealability. *See* Dkt. No. 60 at 14. Specifically, Magistrate Judge Treece found that Petitioner's claim of actual innocence was unexhausted because he had not raised it in the state courts and that, more significantly, a claim of actual innocence was not a ground for federal habeas relief. *See id.* at 9.

With respect to Petitioner's due process claim, Magistrate Judge Treece found that Petitioner could have raised this claim in his appeal to the Fourth Department but that, because he could not now file a second appeal with the Fourth Department, his claim was deemed exhausted for purposes of his habeas application. *See id.* at 10. Nonetheless, Magistrate Judge Treece explained that, the court's review of the substance of this claim was conditioned on Petitioner's ability to demonstrate cause for his default and resulting prejudice or his ability to present evidence to show that he was actually innocent of the crimes of which he was found guilty. *See id.* at 10-11 (footnote and citations omitted). After reviewing the record, Magistrate Judge Treece concluded that Petitioner had met neither of these requirements.

Finally, with respect to Petitioner's *ex post facto* claim, Magistrate Judge Treece found that Petitioner had exhausted this claim because he had raised it on direct appeal and had sought leave to appeal to the New York Court of Appeals. *See id.* at 12. Nonetheless, Magistrate Judge Treece concluded that the court was procedurally barred from reviewing this claim on the merits because it rested on an independent and adequate state ground. *See id.* Specifically, the Fourth Department had concluded that Petitioner had failed to preserve his *ex post facto* argument in the trial court; and this invocation of a procedural bar constituted an "independent" state ground. *See id.* at 12-13 (footnote and citations omitted). Alternatively, Magistrate Judge Treece concluded that Petitioner

had not explained why he had not raised his *ex post facto* argument at the trial level, had not introduced any new evidence that he was actually innocent, and had failed to explain why this court should undermine the trial court's result. *See id.* at 13-14.

Petitioner filed multiple objections to Magistrate Judge Treece's recommendations. *See* Dkt. Nos. 61-64.[1] In his last submission, Petitioner stated that he was "not objecting to the ii Due Process Vionlation [sic] cause [sic] that was deem [sic] exhausted . . . ." *See* Dkt. No. 64 at 1.

After reviewing a magistrate judge's recommendations, the district court may accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court reviews *de novo* those portions of the magistrate judge's recommendations to which a party objects. *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). """If, however, the party makes only conclusory or general objections, . . . the Court reviews the Report and Recommendation only for clear error.""" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 179741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [N.D.N.Y. 2008]) (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))). Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

Although Petitioner has filed several documents objecting to Magistrate Judge Treece's recommendations, the arguments he raised in each of his submissions are to a large extent repetitive and general in nature. In addition, he asserted many of the same arguments in his petition, all of which Magistrate Judge Treece carefully considered. Nonetheless, given Petitioner's *pro se* status,

---

[1] In his first set of objections, Petitioner asked, in general terms, the Court to grant discovery and to appoint counsel. After reviewing the file in its entirety, the Court finds that neither discovery nor appointment of counsel is warranted.

the Court has conducted a *de novo* review of the record. Having completed that review, the Court finds no merit to Petitioner's arguments. Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's July 15, 2015 Report-Recommendation and Order is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see* Dkt. No. 1, is **DENIED** and his petition is **DISMISSED in its entirety**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case; and the Court further

**ORDERS** that a Certificate of Appealability will **not** issue in this case because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 10, 2015
       Syracuse, New York

                                            Frederick J. Scullin, Jr.
                                            Senior United States District Judge